COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-214-CR

 

 

MARK EDWARD SETTLEMIRE                                                          APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

           FROM
COUNTY CRIMINAL COURT NO. 6 OF TARRANT COUNTY

 

                                                       ------------

 

                                                      OPINION

 

                                                       ------------

I. 
Introduction

Mark
Edward Settlemire appeals following his conviction by a jury of the misdemeanor
offense of driving while intoxicated.  In
one point of error, he claims that the admission of his breath test results
violated his right to be confronted by witnesses against him as guaranteed by
the Sixth Amendment of the United States Constitution.  We conclude no violation of his rights
occurred and affirm his conviction.








II. 
Factual and Procedural History

Grand
Prairie Police Officer Todd Mathew Brannen was on duty the night of March 1,
2006, when he stopped at a red light behind Settlemire.  When the light turned green, Settlemire did
not proceed.  Settlemire got out of his
truck saying that it had broken down.  Upon
talking with Settlemire, the officer noticed that Settlemire=s
breath smelled of alcohol and that his eyes were glassy and red.  He told the officer that he had gone to a bar
after work, where he consumed two beers. 
The officer suspected that Settlemire was intoxicated.

After
performing several field sobriety tests, all of which Settlemire failed, the
officer arrested Settlemire.  The results
of the breath test administered to Settlemire confirmed that he was
intoxicated.

At
trial, and over Settlemire=s
Confrontation Clause objections, the trial court admitted into evidence the
breath test results and the maintenance logs for the intoxilyzer machine.  Lori Fuller, the technical supervisor in
charge of the machine at the time of the trial, testified and sponsored the
test results and maintenance records. 
Fuller was not the supervisor in charge of the machine when Settlemire
was arrested. 

III. 
No Confrontation Clause Violation








We
now address the claimed error that the admission of the intoxilyzer maintenance
records and the breath test results violated Settlemire=s
constitutional right to confront the witnesses against him as provided in the
Sixth Amendment.  See U.S. Const.
amend. VI.  Out-of-court statements of a
testimonial nature are not admissible unless the declarant is unavailable to
testify and the defendant has had a previous opportunity to cross-examine the
witness.  Crawford v. Washington,
541 U.S. 36, 68, 124 S. Ct. 1354, 1374 (2004).

Settlemire
contends that the intoxilyzer maintenance records and breath test results are
testimonial in nature and that the trial court erred in admitting those records
over his objection.  To support his
argument, Settlemire relies on the United States Supreme Court=s
holding in Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527 (2009).  In Melendez-Diaz, the defendant was on
trial for selling cocaine.  The State of
Massachusetts offered Acertificates of analysis@ in
the form of affidavits from lab technicians to prove that the substance in
question was cocaine.  Id. at
2531.  The Court held that the
certificates in question were a Acore
class of testimonial statements@
covered by the Confrontation Clause.  Id.
at 2532 (relying on Crawford, 541 U.S. at 51, 124 S. Ct. at
1364).  In so holding, the Court
explained that the analysts who prepared the certificates were therefore Awitnesses@ who
the defendant has a right to confront.  Melendez-Diaz, 129 S. Ct. at 2532.

The
Court in Melendez-Diaz was apparently aware that its holding might be
construed to extend to technical analysts who calibrate and operate equipment,
such as the person who supervised Settlemire=s
intoxilyzer test equipment here.  The
Court explained:








[W]e
do not hold, and it is not the case, that anyone whose testimony may be
relevant in establishing the chain of custody, authenticity of the sample, or
accuracy of the testing device, must appear in person as part of the
prosecution=s case. . . .
Additionally, documents prepared in the regular course of equipment maintenance
may well qualify as nontestimonial records.

 

Id. at
2532 n.1.

Here,
the individual, Fuller, who testified about the intoxilyzer=s
status although she did not supervise it at the time of Settlemire=s
intoxilyzer test, is precisely the type of analyst that the Court anticipated
might be challenged based on its holding in Melendez-Diaz.  The Court made clear, however, that it did
not intend its holding to Asweep[]
away an accepted rule governing the admission of scientific evidence.@  Id. at 2533.

We
shall not construe Melendez-Diaz as doing what the Court clearly stated
it was not doing.  We hold that
Settlemire=s
rights of confrontation were not violated. 
We overruled Settlemire=s
sole point.

IV. 
Conclusion

Having
overruled Settlemire=s sole point, we affirm the
trial court=s
judgment.

 

CHARLES BLEIL

JUSTICE

 

PANEL:  LIVINGSTON, C.J.; MEIER, J.; and CHARLES
BLEIL (Senior Justice, Retired, Sitting by Assignment).

 

PUBLISH

 

DELIVERED:  July 8, 2010